## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**WILLIAM HEATH** and **KRISTI HEATH**,

      Plaintiffs,

v.                                No. **Civ. 05-1061 MCA/RHS**

**FOXWORTH-GALBRAITH LUMBER
COMPANY** and **RUDY CHANEZ**,

      Defendants.

### MEMORANDUM OPINION AND ORDER

      **THIS MATTER** comes before the Court on Plaintiffs' *Motion to Remand* (Doc. No. 4) filed on October 17, 2005.  Having reviewed the submissions of the parties, the relevant law, and otherwise being fully advised in the premises, the Court finds that Plaintiffs' motion should be granted for the reasons set forth below.  This case shall be remanded to state court.

## I.    BACKGROUND

      The following facts are either undisputed or are construed in the light most favorable to the Plaintiffs.

      On July 23, 2003, Plaintiff William Heath was working for a contractor in Winston, New Mexico.  On that day, Mr. Heath was working on a truss that was constructed and supplied by Defendant Foxworth-Galbraith Lumber Company ("Foxworth-Galbraith").  When Mr. Heath put his weight on the truss, the truss gave way and Mr. Heath fell several feet, causing him significant personal injuries.

After Mr. Heath was released from the hospital and while he was being treated, Mr. Heath spoke with Defendant Rudy Chanez, the manager of the Foxworth-Galbraith in Truth or Consequences, New Mexico, where the trusses were purchased.  Mr. Chanez told Mr. Heath that he was authorized to settle the matter on behalf of Foxworth-Galbraith.  Mr. Chanez then offered to pay Mr. Heath $250,000.00 on behalf of Foxworth-Galbraith in exchange for a release.

After speaking with an attorney, Mr. Heath again spoke to Mr. Chanez and told him that Mr. Heath's Worker's Compensation carrier would have a lien on any monies received from Foxworth-Galbraith.  Mr. Chanez responded that Mr. Heath should resolve the matter with his Worker's Compensation carrier and then they could work on settling the matter against Foxworth-Galbraith.  Mr. Chanez told Mr. Heath that at least the $250,000.00 would be available.  Based on Mr. Chanez's representations, Mr. Heath went into the Worker's Compensation proceedings with a desire to discount his Worker's Compensation award in exchange for the carrier's waiver of its setoff from any monies paid by Foxworth-Galbraith. After two Worker's Compensation mediations, Mr. Heath settled his Worker's Compensation case.  In the settlement, Mr. Heath received a relatively small lump sum in exchange for discontinuance of future payments and medical payments and the carrier's waiver of its right to any portion of Mr. Heath's potential third-party settlement.  Mr. Heath would not have made these major concessions were it not for the representations of Mr. Chanez.

Following Mr. Heath's Worker's Compensation settlement, Mr. Heath attempted to negotiate a settlement of the matter with Foxworth-Galbraith.  On September 14, 2005,

2

counsel for Foxworth-Galbraith, however, informed Mr. Heath that Mr. Chanez did not make an offer for settlement for $250,000.00, and that even if he did, Mr. Chanez was not authorized to make such an offer.

That same day, on September 14, 2005, William Heath and his wife, Kristi Heath, filed suit in state court against Defendants Foxworth-Galbraith and Rudy Chanez.  The state court complaint alleged that Plaintiffs are residents of New Mexico; Defendant Foxworth-Galbraith is a New Mexico corporation or, in the alternative, a foreign corporation authorized to do business in the State of New Mexico; and Rudy Chanez is a resident of New Mexico. The state court complaint was entitled a "Complaint for Negligence" and alleged only one count for negligence.  The complaint alleged that Mr. Heath was working as a construction worker on a construction project in Winston, New Mexico, on July 23, 2003, and that the truss on which he was working came apart, causing him to fall while several feet in the air. The complaint further alleged that "Defendants supplied the trusses to the construction project" and that the "truss was defective which was due to the negligence of the Defendants."  The complaint sought damages to compensate Mr. Heath for his injuries, medical costs, loss of income, and loss of enjoyment of life arising from the fall.  Plaintiff Kristi Heath sought damages for loss of consortium.

On September 19, 2005, Chris Henrichsen, counsel for Foxworth-Galbraith, asked Mark Filosa, Plaintiffs' counsel, the basis for Mr. Chanez's inclusion in the state court lawsuit.  In response, Mr. Filosa explained his legal theory against Mr. Chanez and specifically told Mr. Henrichsen that he "knew he had to amend the pleading to more fully

set forth this theory against Mr. Chanez." Pls.' Mem. in Supp. of Pls.' Mot. to Remand (Doc. No. 5) ("Pls.' Mem.") at 6.

On October 4, 2005, Defendant Foxworth-Galbraith removed the case to federal court. (Doc. No. 1). In its Notice of Removal, Defendant Foxworth-Galbraith alleged that it was a Delaware corporation that was authorized to do business in New Mexico. Foxworth-Galbraith claimed that Defendant Chanez "was improperly named as a defendant in this action and there are no causes of action stated in the complaint against said defendant." *Id.* at 2. Defendant Foxworth-Galbraith asserted that Defendant Chanez "is nothing more than a sham and fraudulently joined defendant." *Id.* at 3. Defendant Foxworth-Galbraith thus alleged that the case was removable based on 28 U.S.C. § 1441(b).

At the time Plaintiffs received Defendant's Notice of Removal, Plaintiffs' counsel was in the process of amending the state court complaint. On October 17, 2005, Plaintiffs filed a Motion to Remand (Doc. No. 4) together with a Memorandum in Support of Plaintiff's Motion to Remand (Doc. No. 5). In their memorandum, Plaintiffs argued that Defendant Chanez was not fraudulently joined as they have a claim against him. Plaintiffs did, however, acknowledge in their memorandum that they needed to amend the state court complaint to more fully set forth their legal theory of misrepresentation against Mr. Chanez. *See* Pls.' Mem. at 6. On October 28, 2005, Defendant Foxworth-Galbraith and Rudy Chanez filed their Response in Opposition to Plaintiffs' Motion to Remand (Doc. No. 9), and on November 2, 2005, Plaintiffs filed their reply (Doc. No. 14).

On January 24, 2006, Plaintiffs filed a Motion to File Amended Complaint. (Doc.

4

No. 20). Plaintiffs attached their proposed amended complaint to their motion. The proposed amended complaint is entitled, "Amended Complaint for Negligence and Misrepresentation." *Id.*, Ex. A. The proposed amended complaint repeats the allegations of the original state court complaint, but adds further facts in support of Plaintiffs' misrepresentation claim arising out of Defendant Chanez's alleged representations that he was authorized to act on behalf of Foxworth-Galbraith for settlement purposes and that $250,000.00 would be available to Mr. Heath at all times.

## II.   DISCUSSION

### A.    Federal Jurisdiction and Diversity of Citizenship

The Constitution provides that the "judicial Power shall extend to . . . Controversies . . . between Citizens of different States." U.S. Const. art. III, § 2. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, . . . and is between — citizens of different States." 28 U.S.C. § 1332(a). Diversity jurisdiction exists only when the citizenship of each plaintiff is diverse from the citizenship of each defendant. *See, e.g.*, *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, 28 U.S.C. § 1441(a), provided that no defendant "is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b).

The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights. *Greenshields v. Warren Petroleum*

*Corp.*, 248 F.2d 61, 65 (10th Cir. 1957). Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal. *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982). The removing party bears the burden of establishing the requirements for federal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

### B. Removal and Fraudulent Joinder of a Resident Defendant

Generally, whether a case is removable or not is determined by the original pleadings. *See Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). The statement of a cause of action against the resident defendant will normally be sufficient to prevent removal. *Id.* However, upon specific allegations of fraudulent joinder, the Court may pierce the pleadings and consider the entire record and determine the basis of joinder by any means available. *Id.* The joinder of a resident defendant against whom no cause of action is stated is a patent sham, and though a cause of action be stated, the joinder is similarly fraudulent if in fact no cause of action exists. *Id.* A defendant must plead a claim of fraudulent joinder with particularity and prove the claim with certainty. *See Couch v. Astec Indus., Inc.*, 71 F.Supp.2d 1145, 1146-47 (D.N.M. 1999) (citing *McLeod v. Cities Service Gas Co.*, 233 F.2d 242, 246 (10th Cir. 1956)). The burden of proof on the defendant claiming fraudulent joinder is significant. *Id.* at 1147.

The Tenth Circuit in *Montano v. Allstate Indemnity Co.* described a defendant's burden to prove fraudulent joinder as follows:

To prove their allegation of fraudulent joinder [the removing parties] must

6

demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court.  In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-moving party.  We are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned.

No. 99-2225, 211 F.3d 1278, 2000 WL 525592, *1 (10th Cir. Apr. 14, 2000) (unpublished opinion) (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 243 (5th Cir. 2000)).  "This standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6)." *Id.*  There is no need for the plaintiff to ultimately succeed on the claim against the resident defendant to defeat removal jurisdiction so long as the plaintiff can demonstrate the possibility of the entitlement to relief against the resident defendant.  *Couch*, 71 F. Supp. 2d at 1147.  If there is a possibility that a state court would find that the plaintiff's complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.  *Id.* (citing *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)).

Courts have identified three specific instances of fraudulent joinder:  (1) where a plaintiff cannot possibly plead a cause of action against a non-diverse defendant; (2) where a plaintiff's pleading of jurisdictional facts is outright fraudulent; or (3) where a plaintiff joins a diverse defendant with a non-diverse defendant as to whom no joint, several, or alternative liability exists, and where plaintiff's claim against the non-diverse defendant has no real connection to the claim against the diverse defendant.  *Id.*  In this case, Defendants have not argued outright fraud in Plaintiffs' pleading of jurisdictional facts.  More

7

importantly, Defendants have not provided this Court with any affidavits, deposition testimony, or other evidence from which this Court could conclude that Plaintiffs' allegations against Defendant Chanez are false.  Thus, this Court need only look to the allegations of the complaint to determine whether the first and third types of fraudulent joinder are present here.

Plaintiffs' complaint alleges one cause of action against both Defendants Foxworth-Galbraith and Chanez for negligence arising from a defective truss.  Instead of addressing the merits of their negligence claim, however, Plaintiffs spend the majority of their memorandum explaining the facts that give rise to their proposed misrepresentation claim against Defendant Chanez.  Although Plaintiffs admit that they know they need to amend their complaint to more fully set forth the facts in support of their misrepresentation theory against Defendant Chanez, *see* Pls.' Mem. at 6, Plaintiffs nonetheless contend that an amended complaint would fully set forth a misrepresentation cause of action against Defendant Chanez such that this Court should remand based on the merits of the proposed misrepresentation claim.

Plaintiffs cannot rely on allegations set forth in their proposed amended complaint to defeat Defendants' fraudulent joinder argument.  The Tenth Circuit has held that "the propriety of removal is judged on the complaint as it stands at the time of the removal." *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939)).  The *Pfeiffer* court noted that a party cannot "force remand of an action after its removal from state court by amending the complaint to destroy

the federal court's jurisdiction over the action." *Id.* The Fifth Circuit explained the rationale for determining removal jurisdiction on the basis of claims in the state court complaint as it exists at the time of removal as follows:

> Without such a rule, disposition of the issue would never be final, but would instead have to be revisited every time the plaintiff sought to amend the complaint to assert a new cause of action against the nondiverse defendant, all at considerable expense and delay to the parties and the state and federal courts involved. Limiting the removal jurisdiction question to the claims in the state court complaint avoids that unacceptable result, and permits early resolution of which court has jurisdiction, so that the parties and the court can proceed with, and expeditiously conclude, the litigation.

*Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995) (holding that, after fraudulent joinder removal, plaintiff cannot amend complaint in order to state claim against nondiverse defendant to divest federal court of jurisdiction). Accordingly, based on *Pfeiffer*, this Court cannot consider Plaintiffs' proposed amended pleadings in evaluating whether or not Defendant Chanez is properly joined. This Court will thus not consider whether or not Plaintiff can possibly establish a cause of action for misrepresentation, as that cause of action was not pled in Plaintiff's complaint as it existed at the time of removal.

This determination does not, however, end the inquiry, as this Court must still decide whether Defendants have met their significant burden of showing that Plaintiffs cannot possibly succeed on their negligence claim against Defendant Chanez, as pled in Plaintiffs' complaint. On this point, Defendants contend that the state court complaint fails to present any factual or legal basis for separate claims against Defendant Chanez. Defendants argue that the complaint only alleges that Rudy Chanez is a resident of New Mexico and that

Plaintiffs' "further claims are pled only against 'defendants.'"  Defs.' Resp. in Opp. to Pl.'s

Mot. to Remand (Doc. No. 9) ("Defs.' Resp.") at 2.  Defendants assert that Plaintiffs have

not identified any legal theory against Defendant Chanez.  *Id.* at 3.[1]

      The problem with Defendants' argument, however, is that Plaintiffs have identified

a cause of action against Defendant Chanez:  negligence.  Plaintiffs' complaint states that

"Defendants" – plural – supplied the trusses to the construction project and that the truss was

defective due to the negligence of "Defendants" – plural.  Foxworth-Galbraith and Chanez

are the only two Defendants named in Plaintiffs' complaint, so the term "Defendants" must

refer to both Defendant Foxworth-Galbraith and Defendant Chanez.  This Court must

therefore determine whether, based on the allegations in the complaint, Plaintiffs could

---

[1]Defendants also claim that "Plaintiffs' motion for remand admits their failure to plead a cause of action against Rudy Chanez."  Defs.' Resp. at 3.  After closely examining Plaintiffs' briefs supporting their motion to remand, this Court cannot conclude that Plaintiffs have conceded that they have failed to state any cause of action against Defendant Chanez.  Plaintiffs certainly admit that they need to amend their complaint to more fully set forth the legal theory of misrepresentation against Defendant Chanez, *see* Pls.' Mem. at 6-7, 11, but Plaintiffs never affirmatively state that they have conceded that their complaint does not state a negligence cause of action against him.  At one point, Plaintiffs acknowledge the following:  "While the Plaintiff concedes that the complaint on its face does clearly indicate the cause of action against Chanez, the undisputed facts in this matter is [sic] that based on the Defendant's actions, the plaintiff did not have a chance to amend his complaint."  *Id.* at 11.  At first blush, this statement appears to be a concession by Plaintiffs, but a close reading shows that the statement actually says that the complaint "*does* clearly indicate the cause of action against Chanez."  *Id.* (emphasis added).  Moreover, Plaintiffs attached to their reply a sample amended complaint for negligence and misrepresentation.  Pls.' Reply, Ex. A.  In the sample amended complaint, Plaintiffs continue to allege that "*Defendants* supplied the trusses to the construction project" and that the truss "was defective which was due to the negligence of the *Defendants*."  *Id.*, Ex. A at 1-2 (emphasis added).  Based on the record before the Court, this Court finds that Plaintiffs have not conceded that they have not alleged any cause of action, including negligence, against Defendant Chanez.

possibly establish a negligence claim against Defendant Chanez.[2]

A negligence claim requires the existence of a duty from a defendant to a plaintiff, breach of that duty, and the breach being a proximate cause and cause in fact of the plaintiff's damages. *Spencer v. Health Force, Inc.*, 2005-NMSC-002, ¶ 18, 137 N.M. 64, 107 P.3d 504. Under New Mexico negligence law, both manufacturers and distributors of products have a duty to use ordinary care in producing products so as to avoid a foreseeable risk of injury caused by a condition of the product or manner in which it is used. *Smith ex rel. Smith v. Bryco Arms*, 2001-NMCA-090, ¶ 19, 131 N.M. 87, 33 P.3d 638. "[T]he duty of a product supplier to use ordinary care to avoid foreseeable risks of injury caused by a condition of the product or manner in which it is used exists as a matter of law." *Id.*, ¶ 20, 131 N.M. 87, 33 P.3d 638. This duty of ordinary care extends to persons who can reasonably be expected to use the product as well as to persons who can reasonably be expected to be in the vicinity during the use of the product. *Id.* ¶ 22, 131 N.M. 87, 33 P.3d 638.

In this case, Plaintiffs' two-page complaint alleges the following: (1) Plaintiff William Heath was working as a construction worker on a construction project on July 23,

---

[2] As mentioned previously, Defendants have not provided the Court with any affidavits, deposition testimony, or other evidence from which this Court could conclude that Defendant Chanez did not supply the truss and/or could not possibly have acted negligently in causing the defect in the tress. It was Defendants' burden to bring forth such evidence in order to prove fraudulent joinder with particularity and certainty. *See Couch*, 71 F.Supp.2d at 1146-47. Because Defendants have not provided the Court with any such evidence, this Court must view the allegations in the Plaintiffs' complaint as true in determining whether Plaintiffs' could possibly establish their negligence claim.

2003, in Winston, New Mexico; (2) Defendants supplied the trusses to the construction project; (3) as Plaintiff William Heath was working on the project, he put his weight on the truss while several feet in the air; (4) the truss came apart, causing Mr. Heath to fall; (5) the truss was defective; (6) the defect was due to the negligence of Defendants; and (7) Mr. Heath sustained injuries due to the fall, resulting in damages.  While this negligence cause of action alleged by Plaintiffs is certainly not overflowing with detail, Plaintiffs do allege that Defendant Chanez supplied the truss, that the truss was defective due to Defendant Chanez's negligence, that the defective truss caused Plaintiff's injuries, and that Plaintiffs sustained damages from those injuries.  New Mexico imposes a duty on product suppliers to use ordinary care to avoid foreseeable risks of injury caused by a condition of the product, and thus, the allegation that Defendant Chanez supplied the truss gives notice of this duty. Notice pleading is all that is required under New Mexico's liberal notice pleading standard. *See* Rule 1-008 NMRA; *Cottonwood Enterprises v. McAlpin*, 111 N.M. 793, 795, 810 P.2d 812, 814 (1991) ("Under our rules of 'notice pleading,' it is sufficient that defendants be given only a fair idea of the nature of the claim asserted against them sufficient to apprise them of the general basis of the claim; specific evidentiary detail is not required at this stage of the pleadings.") (citation omitted).

Consequently, viewing the allegations in the light most favorable to Plaintiffs and resolving all factual and legal ambiguities in Plaintiffs' favor, as this Court must, this Court cannot conclude that Plaintiffs could not possibly establish a negligence claim against Defendant Chanez based on the allegations in the complaint.  *See Armijo v. Ed Black's*

*Chevrolet Center, Inc.*, 105 N.M. 422, 424, 733 P.2d 870, 872 (Ct. App. 1987) (holding that complaint that alleged that defendant sold truck that plaintiff was using, that truck had defective welds, and that plaintiff was injured because of those defective welds was sufficient to state claim in strict liability even though complaint did not mention words "strict liability" or seek to raise third claim for relief apart from negligence and breach of warranty); *Chavez v. Robberson Steel Co.*, 94 Nev. 597, 599, 584 P.2d 159, 160 (1978) (cited with approval by *Armijo* court and holding that complaint, which alleged that defendants were engaged in design, fabrication, and furnishing of structural steel members; that steel members were negligently designed and negligently and defectively fabricated; and that result of negligent design and fabrication was collapse of portion of steel causing injuries to plaintiffs, set forth cause of action for both negligence and strict liability).  The Court notes that the Tenth Circuit has described the standard for determining fraudulent joinder as even "more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6)." *Montano*, 211 F.3d 1278, 2000 WL 525592 at *1.  Moreover, "in situations where the sufficiency of the complaint against the non-diverse defendant is questionable, 'the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide.'"  *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 811 (8th Cir. 2003) (quoting *Iowa Public Serv. Co. v. Medicine Bow Coal Co.*, 556 F.2d 400, 406 (8th Cir. 1977)).

This Court is also satisfied that Plaintiffs' claims against Defendant Chanez are sufficiently connected to those against Defendant Foxworth-Galbraith, as the negligence

13

claims against both Defendants arise out of the same transaction.  *Cf. Couch*, 71 F.Supp.2d at 1148.  Additionally, Plaintiffs, at the very least, have alleged alternative rights to relief against Defendant Chanez and Defendant Foxworth-Galbraith.  *Cf. id.*  Accordingly, based on the applicable law and the aforementioned reasons, this Court concludes that Defendants have not met their significant burden of showing with particularity and certainty that Plaintiffs fraudulently joined Defendant Chanez.

> ### C.     <u>Attorneys' Fees and Costs</u>

In their motion to remand, Plaintiffs also requested "fees and costs pursuant to 28 U.S.C. § 1447(c)."  Pls.' Mem. at 12.  Section 1447(c) provides that an order remanding a removed case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  Absent unusual circumstances, fees should generally not be awarded when the removing party has an objectively reasonable basis for removal.  *Martin v. Franklin Capital Corp.*, 126 S.Ct. 704, 708 (2005).  This Court finds that Defendants had an objectively reasonable basis for removal and that no unusual circumstances exist in this case.  Therefore, Plaintiffs' request for fees and costs under 28 U.S.C. § 1447(c) should be denied.

## III.     <u>CONCLUSION</u>

For the foregoing reasons, the Court concludes that Defendants did not meet their burden of proving that Defendant Chanez was fraudulently joined.  Therefore, complete diversity does not exist, and this case should be remanded to state court.

**IT IS THEREFORE ORDERED** that *Plaintiffs' Motion to Remand* **(Doc. No. 4) is GRANTED** and this action is hereby **REMANDED** to the Seventh Judicial District Court for the State of New Mexico.

**IT IS FURTHER ORDERED** that Plaintiffs' request for fees and costs pursuant to 28 U.S.C. § 1447(c) is **DENIED**.

**SO ORDERED** this 24th day of February, 2006, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge

15